Richard J. Meier (SBN 304006)
MEIER LLC
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-810-7490
Fax: 619-374-7337
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## SOURTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard J. Meier, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>Grant & Weber, Inc.<br>c/o The Corporation Trust<br>Company of Nevada<br>701 S. Carson St, Suite 200<br>Carson City, NV 89701,<br><br>  Defendant. | Case No. **'18CV1854 CAB MDD**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, AND**<br>2. **CALIFORNIA ROSENTHAL ACT** |

Complainant RICHARD MEIER, and individual, by and through his attorneys of record, hereby complains and alleges as follows:

### INTRODUCTION

1. RICHARD MEIER ("Plaintiff"), through his attorneys, brings this action to challenge the actions of Defendant GRANT & WEBER, INC. ("Defendant"), for its abusive and outrageous conduct in connection with debt collection activity.

2. This action arises out of Defendant's violations of the Federal Fair Debt Collection Practices Act, found at 15 U.S.C. §1692 et seq., ("FDCPA"), as incorporated into the State of California Rosenthal Act; the State of California Rosenthal Act, found at C.C.C. §1788-1788.32 ("Rosenthal"); and the State of California tort of Infliction of Emotional Distress and Invasion of Privacy.

1

3.  In 15 U.S.C. §1692, the U.S. Legislature made the following findings and purpose in creating the Federal Fair Debt Collection Practices Act:

    (a) Abusive practices: There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    (b) Inadequacy of laws: Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c) Available non-abusive collection methods: Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    (d) Interstate commerce: Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    (e) Purposes: It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.  In C.C.C. §1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

    (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

    (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.

    (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

7. This action arises out of Defendant's violations of the FDCPA, Rosenthal, and California's torts of Intentional Infliction of Emotional Distress and Invasion of Privacy.

8. Defendant is a California company that routinely conducts business in the State of California, and routinely enters into contracts with California Residents; therefore, personal jurisdiction is established.

9. Because all tortuous conduct occurred while Plaintiff resided in the County of San Diego, and witnesses reside within the County of San Diego, venue properly lies in this Court.

## PARTIES AND DEFINITIONS

10. Plaintiff is a natural person whose permanent residence is in the County of San Diego, California.

11. Defendant is a California company that routinely conducts business within the State of California.

12. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant alleged to have been due and owing, is therefore both a "consumer," as defined in the FDCPA, and a "debtor," as defined in the Rosenthal Act.

13. Plaintiff incurred a consumer "debt" as that term is defined under the FDCPA and the Rosenthal Act.

14. Upon information and belief, Defendants were attempting to collect on the aforementioned debt and, therefore, qualifies as a "consumer credit transaction" under the Rosenthal Act.

15. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of the Rosenthal Act.

16. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Rosenthal Act. Accordingly, Defendant engages in "debt collection" within the meaning of the Rosenthal Ac, and is also a "person" within the meaning of the Rosenthal Act.

## FACTUAL ALLEGATIONS

17. On or around June 27, 2018, Defendant telephone Plaintiff to collect a debt.

18. During this communication, Defendant stated that the debt had not been yet "reported" to the credit bureaus and then proceeded to ask how Plaintiff wanted to pay the debt.

19. By referencing the credit bureaus in a demand for payment, Defendant false represented that non-payment of the debt would result in the account being reported to the credit bureaus and lower Plaintiff's credit score.

20. At the time of this communication, Defendant had no intent or ability to report the account to any credit bureau.

21. Upon information and belief, Defendant was following a scripted procedure, and Defendant uses the same tactics and misrepresentations on all of its accounts.

22. In response to Defendant's false representations, Plaintiff inquired about Defendant's intent to report the account to the credit bureaus.

23. During this communication, Defendant admitted that it did not know when the debt would be reported to a credit bureau.

24. At the time of this communication, Defendant had no intent or ability to report the account to any credit bureau.

25. At all times during the aforementioned actions, there was in full force and effect, the following obligation upon debt collectors by the FDCPA:

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §1692e(5).

26. At all times during the aforementioned actions, there was in full force and effect, the following obligation upon debt collectors by the FDCPA:

    (2) The use of any false representation or deceptive means to collect, or attempt to collect, any debt. 15 U.S.C. §1692e(10).

27. At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pursuant to C.C.C. §1788.17 of the Rosenthal Act, requiring all debt collectors to be responsible for and liable for all requirements contained within the FDCPA, exceptions of which are not applicable:

    Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 1692e and 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of 15 U.S.C. 1692a of Title 15 of the United States Code or that person's principal. The references of federal codes in this section refer to those codes as they read January 1, 2001.

## FIRST CAUSE OF ACTION
## ROSENTHAL FARI DEBT COLLECTIONS PRACTICES ACT

28. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

29. By threatening to collect an amount that Defendant could not legally collect, Defendant violated 15 U.S.C. §1692e(5).

## SECOND CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

31. By making false representations during the collection of a consumer debt, Defendant violated 15 U.S.C. §1692e(10).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Judgment be entered against Defendant and that Plaintiff be awarded damages from Defendant as follows:

1. An award of actual damages pursuant to C.C.C. §1788.30(a) and 15 U.S.C. 1692, as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action;

2. An award of statutory damages of $1,000 pursuant to C.C.C. §1788.30(b), which are cumulative and in addition to all other remedies provided for in any other cause of action;

3. An award of statutory damages of $1,000 pursuant to 14 U.S.C. 1692; and

6

4. An award of costs of litigation and reasonable attorney's fees pursuant to C.C.C.

   §1788.30(c) and 15 U.S.C. 1692.

DATED: 08/08/2018

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-810-7490
richard@meierllc.com

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 08/08/2018

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: 619-810-7490
richard@meierllc.com
