UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. MEIER,<br><br>        Plaintiff,<br><br>v.<br><br>GRANT & WEBER, INC.,<br><br>        Defendants. | Case No.: 18cv1854-CAB-MDD<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 15] |

This matter is before the Court on Plaintiff Richard J. Meier's ("Plaintiff's")[1] motion for default judgment against Defendant Grant & Weber, Inc. ("Defendant"). [Doc. No. 15.] For the reasons set forth below, the motion is granted in part.

**I. BACKGROUND**

On August 8, 2018, Plaintiff filed a complaint seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the California Rosenthal

---

[1] Plaintiff's name is Richard J. Meier, and the attorney for Plaintiff is Richard John Meier, IV, which appear to be the same person. Notwithstanding the allegations in the complaint that Plaintiff brings this action "through his attorneys," [Doc. No. 11 at ¶1], Plaintiff and Plaintiff's counsel appear to be the same person and, therefore, Plaintiff is proceeding *pro se*.

1

Act, California Civil Code §1788-1788.32 ("Rosenthal Act"). [Doc. No. 1.] Plaintiff alleged that on June 27, 2018, Defendant telephoned Plaintiff to try to collect a debt. [Doc. No. 1 at ¶ 17.] In this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would report the account to one or more credit agencies. [Doc. No. 1 at ¶ 19.] Plaintiff alleged this communication violated the FDCPA and the Rosenthal Act, and seeks statutory damages, attorneys' fees and costs of suit incurred.

Plaintiff served the Summons and Complaint on Defendant on August 20, 2018, in Carson City, Nevada. [Doc. No. 3.] On October 3, 2018, Plaintiff requested entry of default against Defendant, and on October 4, 2018, the Clerk of Court entered default against Defendant. [Doc. Nos. 4–7.] On November 15, 2018, Plaintiff moved for default judgment against Defendant. [Doc. Nos. 8 and 9.] On January 22, 2019, the Court denied Plaintiff's motion for default judgment for failing to state a claim under the FDCPA because he alleged Defendant was attempting to collect debts on its own behalf and because he failed to address any of the *Eitel* factors that the Court must consider before entering default. [Doc. No. 10.]

On February 2, 2019, Plaintiff filed and served an amended complaint. [Doc. No. 11; Doc. No. 12-1.] The amended complaint is the operative complaint. Plaintiff now adds that Defendant "attempted to collect the Debt on behalf of Northwestern Medical Group" and "regularly collects or attempts to collect debts on behalf of others." [*Id.* at ¶¶ 14, 16.] On March 25, 2019, Plaintiff requested entry of default against Defendant, and on March 26, 2019, the Clerk of Court entered default against Defendant. [Doc. Nos. 12–13.] Plaintiff now renews his motion for default judgment against Defendant. [Doc. Nos. 15–16.]

## II. DISCUSSION

In light of Defendant's failure to respond to the amended complaint, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true."). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. All of these factors support entry of default judgment here.

### 1. Possibility of Prejudice to Plaintiff

If denial of default judgment will likely leave a plaintiff without recourse for recovery, such potential prejudice favors entering default judgment. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger, Inc. v. Parth Enters.,* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Here, Defendant has not appeared, and Plaintiff has no other means to obtain the relief sought. Plaintiff will likely suffer prejudice in the absence of a default judgment.

### 2. Merits of Plaintiff's Substantive Claim/Sufficiency of the Amended Complaint

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether the plaintiff adequately pled a claim for relief. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim alleging violation of the FDCPA, a plaintiff must show: "(1) that he is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Services, Inc.*, 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011). Similarly, to state a claim under the Rosenthal Act, a plaintiff must establish that (1) he is a debtor; (2) the debt at issue is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) "that the defendant violated one of the liability provisions of the [Rosenthal Act]." *Ansari v. Elec. Document Processing Inc.*, 2013 WL 4647621, at *4 (N.D. Cal. 2013).

Here, Plaintiff amended his complaint to correct the deficiency in his original complaint and now alleges that Defendant is a debt collector attempting to collect a debt on behalf of Northwestern Medical Group. [Doc. No. 11 at ¶¶ 14, 16.] Plaintiff alleges that on June 27, 2018, Defendant telephoned Plaintiff to collect a debt for personal medical services and falsely represented that if he failed to pay the debt Defendant would report the account to one or more credit agencies. [Id. at ¶¶ 13, 17, 19, 20.] Therefore, the amended complaint adequately alleges that Plaintiff is a consumer or debtor, that the debt arises out of a transaction entered into for personal purposes or is a consumer debt, that the Defendant is a debt collector, and that Defendant violated a provision of the FDCPA and the Rosenthal Act. As Defendant has not appeared, these allegations are unrebutted. Accordingly, Plaintiff's claim has merit, and the allegations of the complaint are sufficient to support entry of default judgment.

### 3. Sum of Money at Stake in the Action

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. Here, Plaintiff is seeking statutory damages totaling $2,000 and attorney's fees and costs totaling $4,005. The sum of money at stake is not large, and therefore supports entry of default judgment.

### 4. Possibility of a Dispute Concerning Material Facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Since Plaintiff has "supported [his] claims with ample evidence, and [D]efendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar,* 725 F. Supp. 2d at 922 (C.D. Cal. 2010). Therefore, this factor supports entry of default judgment.

### 5. Whether the Default was Due to Excusable Neglect

Defendant was properly served with the summons and complaint. [Doc. Nos. 3, 12-1.] In addition, Defendant was served with the request for entry of default and motion for default judgment. [Doc. No. 12-1; Doc. No. 15 at 2.] Therefore, the default is not due to excusable neglect. *See e.g., Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798, at *8 (N.D. Cal. 2012) (finding that defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response"). Accordingly, this factor supports entry of default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, Defendant's failure to answer Plaintiff's complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (citation omitted).

## III. DAMAGES

### 1. Statutory Damages

Under the FDCPA, a plaintiff may recover statutory damages of up to $1,000, and under the Rosenthal Act, a plaintiff may recover statutory damages for a willful and knowing violation in an amount not less than $100 but not greater than $1,000. 15 U.S.C.

§ 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b). Damages may be awarded cumulatively under both statutes. 15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32; *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066–68 (9th Cir. 2011). In considering an award of statutory damages, the court "shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

For this violation, Plaintiff requests the maximum award of statutory damages under both the FDCPA and the Rosenthal Act. Upon review, nothing in the facts indicate that the single phone call made on June 27, 2018, merits a maximum damages award. Given the single violation, the Court awards Plaintiff statutory damages of $250 under the FDCPA and $250 under the Rosenthal Act.

**2. Attorneys' Fees and Costs**

Both the FDCPA and Rosenthal Act provides for an award of attorneys' fees and costs to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3) (debt collector is liable for "the costs of the action, together with a reasonable attorney's fees as determined by the court"); Cal. Civ. Code § 1788.30(c). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). However, a pro se litigant cannot be compensated under a federal statute for attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435–38 (1991) (pro se plaintiffs, regardless of whether they are attorneys, cannot recover attorneys' fees under [a federal statute] because allowing them to do so "would create a disincentive to employ counsel" and "[t]he statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel.").

Here, as the Court noted in its previous Order denying entry of default judgment [Doc. No. 10], plaintiff is an attorney representing himself and, therefore, cannot recover attorneys' fees under a federal fee-shifting statue. However, the Court awards Plaintiff his request for costs of $525.

## IV. DISPOSITION

Plaintiff's motion for default judgment is **GRANTED in part**. The Clerk of Court shall enter **JUDGMENT** in favor of Plaintiff and against Defendant as follows:

1. Statutory damages of $500; and
2. Costs of $525.

**IT IS SO ORDERED**.

Dated: June 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge